United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Paul Grelik,                                              Case No. 05-43982-R
          Debtor.                                   Chapter 7
_____/

K. Jin Lim,
          Plaintiff,

v.                                                        Adv. No. 05-5164

New Century Mortgage Corp.,
          Defendant.
_____/

Opinion Denying Defendant's Motion for Summary Judgment

On November 30, 2004, Paul Grelik executed a first mortgage on property located at 16674 Glenmore Blvd., Unit 114, Macomb County, MI, in favor of New Century to secure a loan in the amount of $104,800.00. Grelik then executed a second mortgage in favor of New Century to secure a loan in the amount of $26,200.00. By warranty deed dated November 30, 2004, Nicole Hunt conveyed the property to Grelik for the consideration of $131,000. On December 2, 2004, the funds were disbursed by New Century. The mortgages were recorded by the Macomb County Register of Deeds on December 21, 2004.

On February 10, 2005, Grelik filed a chapter 7 bankruptcy petition. On April 27, 2005, the trustee filed a Complaint to Avoid and Recover Preferential Transfer Against New Century, alleging 3 counts: (I) Avoidance of the First Mortgage as a Preferential Transfer; (II) Avoidance of the Second

Mortgage as a Preferential Transfer; and (III) Claim Disallowance.

On August 22, 2005, New Century Mortgage Corp. filed a motion for summary judgment. The trustee filed an objection. The Court conducted a hearing on September 19, 2005, and took the matter under advisement. On September 21, 2005, the Court issued an order requiring further briefing by the parties.

I.

New Century contends that the mortgages are excepted from avoidance under 11 U.S.C. § 547(c)(3)(B) because the mortgages were perfected on or before 20 days after the debtor received possession of the property. New Century contends that possession occurred on December 2, 2004, when the seller of the property was paid in full. Because the mortgages were recorded on December 21, 2004, New Century contends that the mortgages are not avoidable.

The trustee argues that the debtor received possession of the property on November 30, 2004, upon the seller's execution of a warranty deed conveying the property to the debtor. Therefore, the trustee asserts that § 547(c)(3)(B) is inapplicable.

II.

Section 547(c)(3) provides that the trustee may not avoid a transfer "that creates a security interest in property acquired by the debtor . . . that is perfected on or before 20 days after the debtor receives possession of such property." 11 U.S.C. § 547(c)(3)(B). Although most cases applying § 547(c)(3) involve personal property such as cars, machinery and equipment, that section applies to transfers of real property as well. *Bergquist v. Fidelity Mortgage Decisions Corp.* (*In re Alexander*), 219 B.R. 255,

259-60 (Bankr. D. Minn. 1998).

For purposes of this motion, the parties agree that the mortgages were perfected on December 21, 2004. (See def's br. n.3.)

The term "possession" is not defined in the Code. Courts have interpreted "possession" as used in § 547(c)(3)(B) to mean "'physical control or custody of the collateral, as opposed to the acquisition of a right of ownership.'" *Hendon v. Gen. Motors Acceptance Corp.* (*In re B & B Utilities, Inc.*), 208 B.R. 417, 424 (Bankr. E.D. Tenn. 1997) (quoting *Logan v. Columbus Postal Employees Credit Union, Inc.* (*In re Trott*), 91 B.R. 808, 811 (Bankr. S.D. Ohio 1989), and citing *Scott v. McArthur Sav. & Loan Co.* (*In re Winnett*), 102 B.R. 635, 637 (Bankr. S.D. Ohio 1989) ("[P]ossession is not to be equated with ownership.")); *See also Crawforth v. Treasure Valley Fed. Credit Union* (*In re Tuttle*), 2003 WL 22221330, *5 (Bankr. D. Idaho Aug. 21, 2003) ("The language of § 547(c)(3)(B) contains no qualification or condition on the nature of a debtor's possession.").

In *In re Trott*, the court reasoned:

> The Credit Union's argument is . . . analytically flawed: it is based upon the Credit Union's confusion of the concepts of possession and ownership. The Credit Union submits that these concepts are essentially synonymous. The Court disagrees. Although possession is not defined within the Bankruptcy Code, in interpreting this term there is simply no reason for the Court to depart from the definition of the word possession which has gained acceptance throughout the law:
>
>> The detention and control, or the manual or ideal custody, of anything which may be the subject of property, for one's use and enjoyment, either as owner or as the proprietor of a qualified right in it, and either held personally or by another who exercises it in one's place and name. Act or state of possessing. That condition of

3

> facts under which one can exercise his power over a corporeal thing at his pleasure to the exclusion of all other persons.
>
> Black's Law Dictionary 1047 (5th ed. 1979). Under the foregoing definition, it is readily apparent that one may exercise control or manual custody over property without having an ownership interest therein.

*Id.* at 811.

New Century relies on Michigan case law in support of its position that a purchaser cannot receive possession of real property until payment to the seller has been made in full. *See Rothenberg v. Follman*, 172 N.W.2d 845, 848 n.7 (Mich. App. 1969) ("The general rule is that unless the land contract provides otherwise the purchaser is not entitled to possession until he pays the full purchase price."); *Spaulding v. Wyckoff*, 31 N.W.2d 71 (Mich. 1948); *Polczynski v. Nowicki*, 198 N.W. 976, 980 (Mich. 1924) ("It is a well-settled rule that, if not otherwise provided in the agreement, the right to possession of a contract purchaser does not become operative until full payment of the purchase price.").

Under § 547(c)(3)(B), the question is when the debtor took possession of the property. The cases cited by New Century address when a purchaser is entitled to possession of property in a land contract purchase and are thus not relevant in this case. The debtor may have received possession immediately upon the closing on November 30, 2004, or three days later when the seller was paid, or at some other time. The record is devoid of any evidence, by affidavit or otherwise, from which the Court can conclusively determine the date on which the debtor actually received possession of the property. Accordingly, New Century's motion for summary judgment is denied.

4

05-05164-swr    Doc 39    Filed 11/29/05    Entered 11/29/05 13:49:44    Page 4 of 5

Not for Publication

**Entered: November 29, 2005**

                                        **/s/ Steven Rhodes**
                              **Steven Rhodes**
                              **Chief Bankruptcy Judge**